UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| FELIX O. VALDES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-CV-P175-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KY. DEP'T OF CORRECTIONS et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff, Felix O. Valdes, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will dismiss this action.

## I. STATEMENT OF CLAIMS

Plaintiff, a convicted inmate, who was housed at Roederer Correctional Complex (RCC) at the relevant time, names as Defendants in their individual and official capacities RCC Officer Blevins; RCC Warden Sarah J. Ferguson; RCC Deputy Warden Jessica Durrett; and Kathleen Kenney, the Kentucky Department of Corrections (KDOC) Commissioner.

Plaintiff alleges that on July 29, 2019, while in the yard, Defendant Blevins told him to remove anything he had in his pockets and put his hands on the fence. He states that he tried to tell Defendant Blevins that he was limited in mobility and could not put his hands that high. Plaintiff states that Defendant Blevins stated that he did not care and proceeded to pat him down; in doing so, Defendant Blevins "placed his hands on the cuff of my leg and came up, doing so he

hit my private area hard," causing Plaintiff to lose his breath and clench the fence. He states that afterwards he was unable to walk, and "medical" came with a wheelchair and assisted him to his unit.

Plaintiff next alleges that on August 28, 2019, he was supposed to be transported to a medical appointment for existing, unrelated medical issues by Defendant Blevins. Plaintiff states that he told Defendant Blevins he was not going anywhere with him. He states Defendant Blevins told him to sit on the bench and then took him in the "cage," made him take off his clothes, looked in his mouth, and had him bend over and spread his cheeks. Plaintiff alleges that Defendant Blevins said to him that he needs "to shave [his] a**." Plaintiff further alleges that Defendant Blevins has been moved to three different facilities "due to issues like mine."

As relief, Plaintiff asks for monetary and punitive damages and injunctive relief in the form of having Defendants terminated from their jobs.

Plaintiff attaches a number of grievances and documents involving these incidents in which Plaintiff referred to Defendant Blevins's actions as sexual harassment. Included are letters he wrote to Defendants Ferguson and Kenny. In a letter to Defendant Kenny, Plaintiff states his belief that he has been retaliated against by Defendant Blevins's searches, as well as by a transfer to Eastern Kentucky Correctional Complex (EKCC), which occurred within 48 hours of going to the "Grievance Committee for the [Prison Rape Elimination Act (PREA)]."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *A. Claims related to searches*

Plaintiff claims Defendant Blevins performed two searches on him on different dates, both of which Plaintiff alleges were sexually harassing.

Plaintiff's complaint refers to the Eighth Amendment prohibition on cruel and unusual punishment. The Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain" that is "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002) (internal quotation marks and citation omitted). In prison, pat-down searches of prisoners, like the one described by Plaintiff related to the first search by Defendant Blevins, are routine. *See, e.g.*, *Yates v. Rogers*, No. 2:18-CV-180, 2018 WL 6629366, at *6 (W.D. Mich. Dec. 19, 2018); *Sherwood v. Schofield*, No. 2:12-CV-50, 2013 WL 3943542, at *5 (E.D. Tenn. July 30, 2013). Additionally, strip searches in a prison setting, like the search Plaintiff describes before being transported to a medical appointment, are not *per se* unconstitutional; "[u]nquestionably, 'detect[ing] and deter[ring] the possession of contraband' is a legitimate penological objective [and a]bsent proof to the contrary, we must assume that a search of a prisoner is initiated in an effort to detect and deter contraband." *Stoudemire v. Mich. Dep't of*

*Corr.*, 705 F.3d 560, 573 (6th Cir. 2013) (quoting *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 328, (2012)).

Here, Plaintiff does not allege that the searches were conducted for any illegitimate reason or performed only to harm him. Plaintiff's complaint is that the searches made him feel harassed sexually and were uncomfortable. This is insufficient to state a claim. *See Rhoten v. Werholtz*, 243 F. App'x 364, 365 (10th Cir. 2007) (affirming district court's dismissal of a complaint in which a prisoner alleged that the officer conducting a search "pulled on [his] testicles real hard causing [him] a great deal of discomfort and pain" because the plaintiff had alleged only a "de minimis" use of force without any lasting injuries); *Booth v. Botos*, No. 2:05-CV-240, 2008 WL 2355534, at *2 (W.D. Mich. June 5, 2008) (finding no constitutional violation where defendant guard "came up with his right hand right into [the plaintiff's] groin area real hard" during a pat-down search). The searches did not cause lasting harm to the plaintiff; in fact, he did not request medical assistance after returning to his cell. *See Rhoten*, 243 F. App'x at 367.

Additionally, minor, isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Johnson v. Ward*, No. 99-596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (affirming district court finding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not raise an Eighth Amendment claim).

Likewise, Defendant Blevins's use of verbally offensive language is not actionable. Although verbal abuse by prison officials is not condoned, the law is clear that even if the allegation of verbal abuse is true, verbal abuse by itself does not violate the Constitution. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam); *Johnson v. Ward*, No. 99-1596,

2000 WL 659354, at *1 (6th Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]."); *Searcy v. Gardner*, No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Plaintiff fails to state a claim upon which relief may be granted related to the searches performed by Defendant Blevins.

### B. Retaliation claims

Plaintiff states that he filed grievances on "all incidents" and that during that process he was transferred to another facility. In a letter to Defendant Kenny, which is attached to the complaint, Plaintiff states his belief that he has been retaliated against by Defendant Blevins's searches and by being transferred to EKCC within 2 days of going to the "Grievance Committee for the PREA."

Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *Id*.

Plaintiff does not allege that either of the complained-of searches were in response to protected conduct in which he engaged. With regard to the transfer to EKCC, Plaintiff alleges that the protected conduct in which he engaged was filing institutional grievances and PREA

complaints. Plaintiff does have a constitutionally protected right to file grievances for retaliation purposes as long as they are not frivolous. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). The Court makes no determination as to whether Plaintiff's grievances or complaints were frivolous or not, because it is obvious that Plaintiff fails to allege an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct.

A transfer is not, ordinarily, considered a deterrence to a prisoner of ordinary firmness from continuing to engage in protected conduct. *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005); *Friedmann v. Corr. Corp. of Am.*, 11 F. App'x 467, 471 (6th Cir. 2001) ("[T]ransfer to another institution of the same security level, with no other aggravating factors, is not sufficiently adverse to deter a person of ordinary firmness from engaging in the exercise of protected First Amendment activity."). Plaintiff's allegation concerning his transfer fails to meet the requirements for an adverse action.

Accordingly, the Court will dismiss the retaliation claims for failure to state a claim upon which relief can be granted.

### C. Claims against other Defendants

The complaint makes no mention of Defendants Ferguson, Durrett, and Kenney. However, attached to the complaint are several institutional grievances and documents involving the incidents in which Plaintiff referred to Defendant Blevins's actions as sexual harassment. Included are letters he wrote to Defendants Ferguson and Kenny. It appears that these Defendants, as Deputy Wardens and the KDOC Commissioner, were superiors of Defendant Blevins.

"Because § 1983 liability cannot be imposed under a theory of *respondeat superior*, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v.*

*Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, the "denial of administrative grievances or the failure to act" by prison officials does not subject supervisors to liability under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). At most, Plaintiff's claims are that these Defendants denied his grievances or failed to act upon Defendant Blevins's allegedly unconstitutional conduct. As such, the claims against Defendants Ferguson, Durrett, and Kenney must be dismissed for a failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: August 26, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:  Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A958.009